CLIFFORD J. WEININGER
*Attorney at Law*
94 DIAMOND SPRING ROAD
POST OFFICE BOX 1154
DENVILLE, NEW JERSEY 07834
(973) 627-6123
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTURO VALLES, Individually and as Guardian ad Litem for SILVIA VALLES, his wife, and SILVIA BUDINICH, | CASE NUMBER: 2:07-cv-1539 |
| Plaintiffs, | Civil Action |
| v. | |
| TOWNSHIP OF PARSIPPANY-TROY HILLS, TOWNSHIP OF PARSIPPANY-TROY HILLS POLICE DEPARTMENT, CHIEF OF POLICE MICHAEL FILLIPPO, LIEUTENANT EDWARD JASIECKI, OFFICER ALAN REMBOLD, OFFICER DANIEL MCCONNELL, COUNTY OF MORRIS, MORRIS COUNTY SHERIFF, TOWNSHIP OF PARSIPPANY-TROY HILLS FIRST AID SQUAD, GRACE MURRAY, SAINT CLARE'S HOSPITAL, SAINT CLARE'S HOSPITAL MOBILE INTENSIVE CARE UNIT, STATE OF NEW JERSEY, JOHN DOE(s) 1-25 (fictitious and currently unknown persons, employees, agents, or servants of any defendant), and ABC ENTITIES/AGENCIES 1-25 (fictitious and currently unknown entities), | ORDER APPROVING SETTLEMENT and closing case. |
| Defendants. | |

12/22/2009 14:35  973-625-0008           CJ WEININGER                PAGE 04/07
12/21/2009 18:22  973-625-0008           CJ WEININGER                PAGE 03/06
                                                                     ☒004/007

THIS MATTER, having been opened to the Court by Clifford J. Weininger, Attorney at Law, attorneys for plaintiffs, Arturo Valles, Silvia Valles (Clifford J. Weininger and Joseph J. Fritzen, Esqs., appearing), and Gebhardt & Keifer, attorneys for the attorney for the Township of Parsippany-Troy Hills, Township of Parsippany-Troy Hills Police Department; Chief of Police Michael Fillippo, Lieutenant Edward Jasiecki, Officer Alan Rembold and Officer Daniel McConnell (hereinafter, the "Parsippany defendants") (Sharon H. Moore, Esq., appearing); and also in the presence of Thomas D. Begley, Jr., Esq. of Begley & Bookbinder, P.C., as additional counsel for plaintiffs; and in the presence of Arturo Valles, individually and as duly appointed guardian of Silvia Valles, an incompetent person; and the attorneys for the plaintiffs and defendants having reported to the Court that a settlement of the claims have been arrived at between the plaintiffs, Arturo Valles and Silvia Valles, and the Parsippany Defendants, and the Court having then taken proofs on the record on this date:

IT IS, on this ____22____ day of ___Dec____ 2009:

ORDERED, after review of the applicable case law, the June 29, 2009 summary judgment order and opinion of the Hon. Joseph A. Greenaway, J.S.D.J., and the various strengths and weaknesses of the claims by plaintiffs, that the settlement of all claims in the above matter in exchange for a gross settlement and

12/22/2009 14:35   973-625-0008                CJ WEININGER                                    PAGE 05/07
                                               GERHARDT&KIEFFER                                ☒ 005/007

12/21/2009 18:22   973-625-0008                CJ WEININGER                                    PAGE 04/06

payment of one million three hundred thousand dollars ($1,300,000) shall be and is hereby approved by the Court as being fair and reasonable; and it is further

**ORDERED**, that the proposed allocation of thirty percent (30%) of the proposed recovery to Arturo Valles (in the amount of $390,000) and allocation of the remaining seventy percent (70%) of the proposed recovery to Silvia Valles (in the amount of $910,000) is hereby deemed fair, reasonable, and is therefore approved by the Court; and it is further

**ORDERED**, that the proposed allocation of thirty percent (30%) of the litigation costs to Arturo Valles and allocation of the remaining seventy percent (70%) of the litigation costs to Silvia Valles is hereby deemed fair, reasonable, and is therefore approved by the Court; and it is further

**ORDERED**, that the following expenses, which shall be deducted from the $910,000 gross settlement and recovery on behalf of Silvia Valles, are also approved by the Court:

a. $8,535.95 is to be paid to plaintiff's attorney (which sum represents payment of 70% of $12,194.21 in total litigation costs incurred by the attorney);

b. $13,030.12 is to be paid to Arturo Valles (which sum represents payment of 70% of $18,614.45 in total litigation costs incurred by Arturo Valles);

  c. $222,108.48 is to be paid to plaintiff's attorney as a 25% counsel fee on monies recovered on behalf of Silvia Valles, in accordance with New Jersey Court Rules; and it is further

**ORDERED**, that the net recovery to Silvia Valles, in the amount of $666,325.45, shall be and is subject to further reduction for payment of the Medicaid Lien in the within matter (which lien was in the amount of $415,223.59 as of a conditional payment letter dated November 6, 2009) and for payment of any Medicare lien which might exist in connection with the within matter; and it is further

**ORDERED**, that plaintiffs shall provide counsel for defendants with verification of the final demand from Medicaid and verification of any Medicare lien, including a final demand from Medicare, together with proof of payment of the lien(s) as a condition of the within settlement. The amounts owed to Medicaid and/or Medicare shall be deducted from Silvia Valles' settlement and shall be paid directly to Medicaid and/or Medicare by the insurance carrier for defendants; and it is further

**ORDERED**, that the proposed allocation of $390,000 of the gross settlement to Arturo Valles, deduction of $9,242.60 in litigation expenses, and payment of attorney fees in the amount of $126,919.13 on that portion of the gross recovery being allocated to Arturo Valles are hereby approved by the Court; and it is further

**ORDERED**, that the net recovery on behalf of Silvia Valles, after payment of the foregoing costs, attorney fees, and medical lien(s), shall be placed in an account in the name of "Silvia Valles, by her Guardian Arturo Valles", which account is to be located at the Chase Bank, Dover, New Jersey branch, and which funds are to be administered by Arturo Valles, as Guardian of Silvia Valles, in accordance with the December 17, 2009 "Asset Protection Plan" prepared by Thomas D. Begley, Jr. and presented to the Court as part of the proceeding to approve settlement, and it is further

**ORDERED**, that this pleading closes the within case, and all claims not specifically set forth herein are deemed abandoned; and it is further

**ORDERED**, that a copy of this order be served on all parties within _____ days of the date hereof.

_____
HON. MADELINE COX ARLEO, U.S.M.J

The undersigned hereby consent to the
form and entry of the within Order.

CLIFFORD J. WEININGER                           Gebhardt & Keifer
Attorney At Law

By: _____              By: _____
   Clifford J. Weininger, Esq.                           Sharon H. Moore, Esq.
   Attorney for Plaintiffs                               Attorney for Defendants

5